UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY COLEMAN,

        Plaintiff,                    CIVIL ACTION NO. 15-cv-13289

    v.                                DISTRICT JUDGE ROBERT H. CLELAND

COMMISSIONER OF                MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Coleman seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to Title II disability insurance benefits and Title XVI supplemental security income under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 16). The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I. RECOMMENDATION

For the reasons that follow, it is recommended that the Court should DENY Plaintiff's Motion for Summary Judgment (docket no. 14) and GRANT Defendant's Motion for Summary Judgment (docket no. 16), and AFFIRM the decision of the Commissioner.

## II. PROCEDURAL HISTORY

On January 24, 2013, plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Tr. 121-127.) Plaintiff also filed a Title XVI application for supplemental security income on June 14, 2013. (Tr. 128-136.) In both applications, plaintiff alleged a disability beginning December 5, 2012. The Social Security Administration initially denied plaintiff's claims on April 17, 2013, and plaintiff requested a *de novo* hearing. (Tr. 53-63.) On June 19, 2014, plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge (ALJ) Martha M. Gasparovich. (Tr. 30-52.) In an August 4, 2014 decision, the ALJ found that plaintiff was not entitled to benefits because he was capable of performing his past relevant work. (Tr. 23.) The Appeals Council declined to review the ALJ's decision (Tr. 1-6), and plaintiff commenced this action for judicial review. (Docket no. 1.)

### III.   HEARING TESTIMONY AND MEDICAL EVIDENCE

The ALJ (Tr. 21-23) set out a detailed, factual recitation with regard to plaintiff's medical record and the hearing testimony. Having conducted an independent review of plaintiff's medical record, the ALJ's factual synopsis, and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, the undersigned will incorporate the factual recitations by reference. Additionally, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

### IV.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that plaintiff has not engaged in substantial gainful activity since December 5, 2012, the alleged onset date. (Tr. 17.) Next, the ALJ concluded that plaintiff has the following severe impairment: major depressive disorder (20 CFR §§ 404.1520(c) and 416.920(c)). (*Id*.) Further, plaintiff does not have an impairment or combination of impairments

that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id*. at 18.)  The ALJ then found that plaintiff had the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following non-exertional limitations: limited to routine three to five step tasks; low stress work environment, defined as no quick decision-making and no quick judgment on the job; no interaction with the public; occasional interaction with co-workers; and would be unable to perform jobs that are fast pace, high production, or require frequent changes in task expectations or locations.

(*Id*. at 20.)  The ALJ then determined that plaintiff was capable of performing his past relevant work as an industrial truck operator, repairman, and laborer as this work did not require the performance of work-related activities precluded by his RFC.  (*Id*. at 23-24.)  Subsequently, in reliance on the VE's testimony, the ALJ determined that based on claimant's age, education, work experience, and RFC, plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.  (Tr. 25-26.)  Therefore, the ALJ found that plaintiff was not disabled under the Social Security Act at any time from December 5, 2012, through the date of the decision.  (*Id*.)

V.   **LAW AND ANALYSIS**

   A.   **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, plaintiff was required to show that:

(1)   Plaintiff was not presently engaged in substantial gainful employment; and

(2)   Plaintiff suffered from a severe impairment; and

  (3)  The impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If plaintiff's impairments prevented plaintiff from doing past work, the Commissioner, at step five, would consider plaintiff's RFC, age, education, and past work experience to determine if plaintiff could perform other work. If not, plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

  The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. §

405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed for an award of benefits or, alternatively, for further proceedings under sentence four because the ALJ made a significant error at each step of the sequential process and the decision does not comply with the social security rules and regulations. (Dkt. 14, at 10-16.) Conversely, the Commissioner argues that plaintiff's arguments are woefully deficient and, as such, this court should treat plaintiff's undeveloped issues as waived. (Dkt. 16, at 1-4.) The Commissioner points out that plaintiff's counsel has been admonished by the District Court for his failure to develop arguments in previous social security cases and his briefing here suffers from the same inadequacies. Notwithstanding, says the Commissioner, even if the court conducts an independent review of the record, this court should affirm as substantial evidence supports the conclusion of the ALJ. (*Id*. at 4-24.)

1. Waiver

Plaintiff's motion alleges numerous errors in the ALJ's decision; however, some are facially without merit. For one, plaintiff states: "[t]here is no rationale nor [sic] discussion of Mr. Coleman's medical problems in the ALJ's decision." (Dkt. 14, at 11). This is simply not true. In formulating plaintiff's RFC assessment, the ALJ enumerated plaintiff's medical and psychological history—and considered all objective medical evidence, together with plaintiff's symptoms, opinion evidence, and other relevant evidence in the record. (Tr. 20-23.) As a representative sample, the ALJ specifically noted the objective medical evidence including plaintiff's mental health treatment at Easter Seals, plaintiff's prescription medication protocols

and reviews, Global Assessment Functioning ("GAF") score findings, and plaintiff's treating psychologist, Dr. Surjeet Bagga's, medical source statement and treatment notes. (*Id*.) Plaintiff also argues that the ALJ provided "no discussion" on why the ALJ did not find him credible. However, the ALJ expressly states in her opinion that she considered plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms and weighed those against the evidence in the record. (Tr. 22-23.) The ALJ then made specific findings regarding why she did not find plaintiff entirely credible including, it was not clear whether plaintiff left his previous job due to symptoms relating to his impairment. (Tr. 23, 37, 247.) Further, the ALJ noted that plaintiff continued to seek employment, suggesting that the plaintiff could continue to work. (Tr. 23, 286.) The ALJ also examined the record evidence indicating that plaintiff's mental condition had improved with psychiatric treatment, even noting plaintiff's statements indicating that his condition had improved. (Tr. 23); *see Gant v. Comm'r of Soc. Sec.*, 372 Fed. App'x 582, 585 (6t h Cir. 2010) ("Impairments that are controllable or amenable to treatment cannot support a finding of disability"). The ALJ also specifically noted that plaintiff's complaints of medication-induced headaches were unsupported by the record (and, in fact were contradicted by the record). (Tr. 23, 209, 212, 260.) The ALJ noted that there were no opinions in the record from treating or examining physicians indicating that plaintiff was disabled or even had limitations greater than those determined by the ALJ. The Commissioner and this court acknowledge that Dr. Crane, however, found that plaintiff was more limited in social functioning and in concentration, persistence, or pace than did the ALJ. (Tr. 343.) This court agrees with the Commissioner, however, that the numerous other reasons the ALJ provides in support of her analysis, however, are sufficient to support a finding that substantial evidence supports the ALJ's credibility determination. *Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709, 714

(6th Cir. 2012) (citation omitted) ("[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal").  Moreover, the ALJ specifically noted that the restrictions mentioned by Dr. Bagga, plaintiff's treating psychiatrist, are consistent with the RFC.  (Tr. 23.)  In accordance with SSR 96-6p, the ALJ also took into account the state agency consultant's opinion and because of its consistency with the objective treatment notes and Dr. Bagga's opinion, the ALJ gave it significant weight.  Plaintiff is simply incorrect when he states that the ALJ failed to account for plaintiff's credibility.

Plaintiff goes on to argue that the ALJ committed significant errors at steps two, three, and four and that the decision cannot meet the substantial evidence test.  However, in his supporting motion, plaintiff cites only once to the medical record.  Plaintiff's counsel has recently been admonished on at least three occasions for improperly inviting the Judges of this District to formulate arguments and search the record on his clients' behalf.  *Roberts v. Comm'r of Soc. Sec.*, No. 14-11994, 2015 WL 5439725, at *2 (E.D. Mich. Sept. 9, 2015) (Rosen, J.) (citing *Gordon v. Comm'r of Soc. Sec.*, No. 14-11990 for the same issues); *see also Spiteri v. Colvin*, No. 14-14140, 2015 WL 7258749, at *3 (E.D. Mich. Nov. 9, 2015), report and recommendation adopted sub nom, *Spiteri v. Comm'r of Soc. Sec.*, No. 14-CV-14140, 2015 WL 8538036 (E.D. Mich. Dec. 11, 2015).  In *Roberts*, Judge Rosen pointed out that that the submissions of plaintiff's counsel in the *Roberts* and *Gordon* cases were similar in the following respects:  (1) their citations to nearly identical authorities; (2) their sparse statement of facts; (3) their reliance on boilerplate arguments that are repeated verbatim in each brief, with little effort to customize arguments to the case-at-hand.  *Roberts*, No. 14-14140, at *2.  Judge Rosen

continued that plaintiff's arguments regarding the ALJ's conclusions were sparse in both cases. (*Id.*) Judge Rosen then warned plaintiff's counsel:

> Such hyperbole and generalized accusations of ALJ misfeasance are no substitute for engagement with the actual evidence in the administrative record and the explanations and analysis actually put forward by the ALJ. Counsel ill serves his clients by charging the ALJs with wholesale dereliction of their duties, rather than identifying specific findings by the ALJs that might lack evidentiary support or rest upon legally deficient reasoning. Accordingly, counsel is placed on notice that this Court will carefully examine his submissions in future suits to ensure that they advance specific, narrowly tailored, and properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

*Roberts*, No. 14-11994, 2015 WL at *2. In *Spiteri*, Judge Stafford noted many of the same issues that arose in *Roberts*. Judge Stafford denied a majority of the issues that plaintiff presented in *Spiteri* because they were not developed and were, therefore, deemed waived. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted). Judge Stafford also warned plaintiff's attorney going forward to heed Judge Rosen's warning in *Roberts*. *See Spiteri*, No. 14-13140, 2015 WL at *4 n.3.

The undersigned concludes that plaintiff's motion suffers from many of same issues noted in *Roberts*, *Gordon*, and *Spiteri*. As in previous cases, plaintiff's "statement of the facts" is only three sentences long and cites to no record evidence. (Dkt. 14, Pg ID 388). In this case, plaintiff also contends that the ALJ erred at each step of the sequential process and that the

decision does not comply with the Social Security Regulations; however, in argument, plaintiff cites to the record only one time and once to plaintiff's testimony. (Dkt. 14, Pg ID 391). The undersigned concludes that most of plaintiff's arguments do not meet the threshold standard necessary for this court to engage in a meaningful review and are therefore waived. *See McPherson*, 125 F.3d at 995-96.

There is one issue that the undersigned believes plaintiff has sufficiently briefed and this court will consider, namely whether the ALJ made a proper step two finding regarding plaintiff's HIV. Plaintiff specifically argues that the ALJ erred when she determined that plaintiff's HIV was a non-severe impairment (Tr. 17-18), that is, one that did "not significantly limit [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).

At step two of the sequential evaluation process, the ALJ must consider whether a claimant has a severe impairment and whether the impairment(s) meet the twelve month durational requirement in 20 C.F.R. § 404.1509. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Simpson v. Comm'r of Soc. Sec.*, 344 Fed. App'x 181, 188 (6th Cir. 2009) ("At step two, if a claimant does not have a severe medically determinable physical or mental impairment ... that meets the durational requirement in § 404.1509 ..., or a combination of impairments that is severe and meets the durational requirement, then [she] is not disabled."). "To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the applicant was "disabled" as defined by the Act...." *Despins v. Comm'r of Soc. Sec.*, 257 Fed. App'x 923, 929 (6th Cir. 2007). A "severe" impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are defined in the

regulations as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Examples include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in routine work settings. *See id.*

It is well established in Sixth Circuit precedent that failure to find an impairment severe at step two of the sequential analysis is not reversible error if the ALJ found another impairment severe and therefore continued with the five-step evaluation. *See e.g., Fisk v. Astrue*, 253 Fed. App'x 580, 584 (6th Cir. 2007); *Anthony v. Astrue*, 266 Fed. App'x 451, 457 (6th Cir. 2008). The purpose of step two is "to screen out totally groundless claims." *Nejat v. Comm'r of Soc. Sec.,* 359 Fed. App'x 574, 576 (6th Cir. 2009). If the ALJ continues with the remaining steps, any error at step two is harmless, so long as the ALJ considered the effects of all medically determinable impairments, including those deemed nonsevere. *See e.g., Cobb v. Colvin*, 2013 WL 1767938 (D. Kan. 2013) ("The Commissioner is correct that the failure to find that additional impairments are severe is not in itself cause for reversal. But this is true only so long as the ALJ considers the effects of all of the claimant's medically determinable impairments, both those he deems severe and those not severe.") (internal quotation marks omitted); *Jackson v. Astrue*, 734 F. Supp. 2d 1343, 1361 (N.D. Ga. 2010) (Where ALJ identified one severe impairment at step two, the failure to identify additional severe impairments at step two was harmless error in child disability case where the ALJ considered all of the plaintiff's impairments at other steps as demonstrated by discussion of testimony and medical history.).

Here, the ALJ determined that plaintiff had a severe impairment at step two, major depressive disorder. (Tr. 17.) As acknowledged by plaintiff, the ALJ's failure to find an impairment severe at step two is legally irrelevant when the ALJ identifies other severe impairments and the evaluation continues beyond step two. However, plaintiff argues that the ALJ should have given more consideration at sequential steps to the listing covering HIV, 14.08; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.08. However, as noted by the Commissioner, nothing requires the ALJ "to discuss listings that the applicant clearly does not meet." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579, App'x 426, 432 (6th Cir. 2014). And, plaintiff has failed to offer the court any specific evidence of how plaintiff meets the requirements of 14.08, thereby showing that the ALJ erred in this regard. Finally, plaintiff says that the ALJ did not consider his HIV during the remainder of the sequential evaluation steps, including in formulating plaintiff's RFC. Again, this is not correct. The ALJ specifically acknowledged her duty to consider plaintiff's non-severe impairments (Tr. 16) (citing 20 C.F.R. § 404.1520), acknowledged that the RFC finding had to consider "all of [Plaintiff's] impairments, including impairments that [were] not severe" (Tr. 16) and expressly discussed Plaintiff's HIV during the RFC assessment. (Tr. 23); *see also Prill v. Comm'r of Soc. Sec*., No. 1:14-1334, 2016 WL 462942, at *3 (W.D. Mich. Feb. 8, 2016) (finding that the ALJ considered a non-severe impairment during the RFC finding where the ALJ cited 20 C.F.R. § 404.1520).

For all of these reasons, the undersigned concludes that substantial evidence supports the ALJ's step two finding.

**VI.    CONCLUSION**

For the reasons stated herein, the Court should DENY Plaintiff's Motion for Summary Judgment (docket no. 14) and GRANT Defendant's Motion for Summary Judgment (docket no. 16), and AFFIRM the decision of the Commissioner.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 27, 2016              s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 27, 2016            <u>s/ Lisa C. Bartlett</u>
                                       Case Manager